IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT DAVID HOLROYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-4133-SAC |
| | ) |
| DEPARTMENT OF VETERANS AFFAIRS, | ) |
| | ) |
| Defendant, | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant's Motion to Stay All Discovery and Deadlines (Doc. 19). Plaintiff has not filed a response and the time to do so has passed.[1] The issues are therefore fully briefed and ripe for discussion.

Defendant seeks to stay all discovery proceedings until thirty (30) days following the resolution of the defendant's Motion to Dismiss. Defendant contends that although it is the general policy of this court not to stay discover, when the result of a pending dispositive motion will likely result in dismissal and when allowing discovery would be unnecessary and burdensome the court should grant the motion to stay discovery.

**A.   Staying Discovery.**

The decision to stay discovery is firmly vested in the sound discretion of the trial court.[2] However, the Tenth Circuit has warned that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[3] To that end, as a general rule, courts in

---

[1] D. Kan. Rule 6.1(d)(1).

[2] *Kutilek v. Gannon,* 132 F.R.D. 296, 297 (D. Kan. 1990).

[3]*Afshar v. Unites States Dep't of State*, No. 06-2071, 2006 U.S. Dist. LEXIS 52435, at *2 (D. Kan. July 18, 2006)(citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*,

the District of Kansas do not favor staying pretrial proceedings even though dispositive motions are pending.[4] A "major exception to this policy is made when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity."[5] It is also appropriate to stay discovery pending resolution of a dispositive motion where "the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[6]

### 1. Absolute or qualified immunity exception.

While several cases in the District of Kansas deal with the absolute or qualified immunity exception,[7] in the instant case defendant's motion to dismiss is not based on absolute or qualified immunity, but rather on sovereign immunity. Indeed the cases defendant cites in its motion deal with absolute or qualified immunity of government employees rather than with the sovereign immunity of the United States.[8] Additionally, the defendant's motion to stay discovery in *Afshar*

---

Inc., 713 F.2d 1477, 1484 (10th Cir. 1983)).

[4] *Wolf v. U.S.,* 157 F.R.D. 494, 494 (D. Kan. 1994).

[5] *Afshar*, 2006 U.S. Dist. LEXIS 52435, at *2.

[6] *Kutilek,* 132 F.R.D. at 298; *Wolf,* 157 F.R.D. at 494.

[7] *Dahl v. City of Overland Park*, No. 02-2036-JAR 2002 U.S. Dist. LEXIS 13465 (D. Kan. July 8, 2002); *Molina v. Christensen*, No. 00-2585-CM, 2002 U.S. Dist. LEXIS 700, at *3 (D. Kan. Jan. 18, 2002).

[8] *See* Motion to Stay All Discovery and Deadlines (Doc. 19) at p. 2 (Citing *Going v. Kansas*, 2007 WL 60939 (D. Kan. 2007); *Dahl*, 2002 U.S. Dist. LEXIS 13465; *Kutilek*, 132 F.R.D. at 298).

*v. United States Dep't of State* was denied even though the defendant had a pending dispositive motion to dismiss based on Sovereign Immunity.[9]

### 2. Defendants have not shown that the instant case will likely be concluded as a result of a ruling on the dispositive motion.

Defendants urge the court to stay discovery until the district court rules on defendant's Motion to Dismiss. To stay discovery, defendants must prove that they are *likely* to prevail on the dispositive motion. While defendant has raised arguments as to the jurisdictional issue of plaintiff's benefit claims, it is not clear at this stage, especially given a liberal construction of the plaintiff's pleading, that the district court *must* find it has no jurisdiction over the case.

Additionally, in *Wolf v. U.S.* defendant's motion to stay discovery was denied when the dispositive motion was a motion to dismiss for lack of jurisdiction. The court found that even if the District Court granted the motion to dismiss on jurisdictional grounds and could not hear the case, the case could be heard in the claims court and therefore discovery should still be permitted.[10] Here, as in *Wolf*, even if the motion to dismiss were granted, the Plaintiff could use discovery in the present case to prove his benefits claim at the Board of Veterans' Appeals.

### 3. In the present case additional discovery would not impact the pending motion to dismiss.

In deciding a motion to stay discovery, the court also considers whether the non-moving party needs to use discovery in order to establish facts to defend the dispositive motion. Defendants argue that plaintiffs have no need for discovery in order to defend against defendants' motion to dismiss.

---

[9] *Afshar*, 2006 U.S. Dist. LEXIS 52435, at *3.

[10] *Wolf*, 157 F.R.D. at 495.

The motion to dismiss raises the question of whether the District Court or the Board of Veterans' Appeals has jurisdiction over the benefits claims.  The plaintiff will require discovery to prove his case whether the case can be heard by the District Court or will be heard by the Board of Veterans' Appeals.

The court believes that it is unlikely additional discovery as to defendant's pending dispositive motion is necessary.  However, the court is mindful that a party needs "a sufficient opportunity to develop a factual base for defending against a dispositive motion."[11]   Further, the court must consider the general rule which strongly cautions against staying discovery.  Thus, out of an abundance of caution, and in its discretion, the court will not stay discovery in the present case simply because the pending motion to dismiss may not need further discovery.

**4.     Discovery would be wasteful and burdensome.**

In determining whether to grant or deny a motion to stay discovery, courts also consider whether discovery into the complaint in its entirety would be wasteful or burdensome.  However, defendant fails to argue, and the court does not believe, plaintiff's claims are so broad that discovery on all issues would be burdensome and wasteful.[12]

The parties are reminded to comply with all deadlines set forth in the parties' Scheduling Order (Doc. 16).  Accordingly,

**IT IS THEREFORE ORDERED** that defendant's Motion to Stay All Discovery and Deadlines (Doc. 19) is denied.

---

[11] *Kutilek,* 132 F.R.D. at 298.

[12] *Kutilek*, 132 F.R.D. at 298, *Wolf* 157 F.R.D. at 494.

**IT IS SO ORDERED**.

Dated this 1st day of June, 2007, at Topeka, Kansas.

 K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge
