IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROBERT DAVID HOLROYD,

                    Plaintiff,

v.                                                  Case No. 06-4133

DEPARTMENT OF VETERANS AFFAIRS,

                    Defendant.


MEMORANDUM AND ORDER

        This case comes before the court on defendant's motion to

dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter

jurisdiction.

        Plaintiff is acting pro se. The court must liberally construe the

pleadings submitted by a pro se plaintiff. *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972).  However, the court should not assume the role of

plaintiff's advocate and should not construct legal argument on his behalf.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

        Having examined the record, the court liberally construes the

1

plaintiff's complaint to assert the following facts and claims.  Plaintiff receives a non-service related disability pension from the Department of Veterans Affairs.  Believing that the DVA wrongfully failed to reimburse him for his "out-of-pocket" medical expenses in 2005, gave him inaccurate accountings and explanations, and may similarly fail to reimburse him for medical expenses in 2006, plaintiff brings suit seeking the following relief:1) payment for out-of-pocket medical expenses for the year 2005; 2) an audit of his pension account; 3) a supersedeas bond under "Rule 62.2"; and 4) actual and punitive damages including those for exacerbation of his post traumatic stress disorder.

The court's task is to determine whether plaintiff's complaint establishes a basis for the court's jurisdiction. It is well settled that federal district courts are courts of limited jurisdiction. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994).  Jurisdiction cannot be presumed but must be firmly established in the complaint.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936).  The party invoking federal jurisdiction bears the burden to prove that jurisdiction exists. *Penteco Corp. v. Union Gas System,* 929 F.2d 1519, 1521 (10th Cir. 1991).  Here, that task falls upon the plaintiff.

Federal law provides that the denial of VA benefits is "unreviewable in the federal courts." *Weaver v. United States*, 98 F.3d 518, 519 (10th Cir.1996). The relevant statute provides:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). The court has reviewed "subsection (b)" of this statute and finds it inapplicable.

Plaintiff's claims are of the denial of benefits and other collateral matters that affect the provision of benefits. No constitutional challenge is made. Accordingly, subject matter jurisdiction does not exist as to plaintiff's claims, since they are barred by sovereign immunity. *See Traynor v. Turnage*, 485 U.S. 535, 536 (1988) (examining predecessor statute, § 211). Where a plaintiff challenges the VA's decisions or actions, it is the Board of Veterans' Appeals, the Court of Veterans Appeals, and the United States Court of Appeals for the Federal Circuit that have jurisdiction over such claims. *See* 38 U.S.C. §§ 511, 7104(a), 7105, 7252(a), 7292(c). *Wheeler v. U.S. Veterans Admin.*, 1996 WL 165341, *1

(10th Cir. 1996).

This procedure established by the Veterans Judicial Review Act (VJRA) is adequate to protect plaintiff's rights and is exclusive, benefitting plaintiff and this court alike.

> Congress has carefully constructed a separate and multi-tiered system of judicial review for the consideration of pension and benefit claims by service members founded on the United States Court of Appeals for Veterans Claims. Appeals from the Court of Appeals for Veterans Claims are made to the United States Court of Appeals for the Federal Circuit, and from there to the United States Supreme Court. This procedure is both adequate and exclusive, and precludes the present litigation in United States District Court. 38 U.S.C. § 511(a). *See Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir.1997). The VJRA serves two legitimate legislative goals: protecting the federal courts and VA from time-consuming veterans' benefits litigation, and providing a specialized forum where the technical and complex decisions regarding such cases can be made more appropriately. *See Weaver v. United States*, 98 F.3d 518 (10th Cir.1996).

*Moore v. Department of Veterans Affairs,* 2003 WL 22594364 (D.Kan. Nov. 4, 2003).

Additionally, Congress has not authorized an action against the Department of Veterans Affairs in its own name. An agency of the Federal government may not be sued directly unless Congress explicitly authorizes such suit, or does so impliedly because the agency is the offspring of an otherwise suable entity.  *See ESP Fidelity Corp. v. H. U. D.*, 512 F.2d 887

(9th Cir. 1975); *Evans v. U. S. V. A. Hospital*, 391 F.2d 261 (2d Cir.), *cert.*

*denied*, 393 U.S. 1040 (1968)*; Colorado v. Veterans Admin.*, 430 F.Supp.

551 (D. Colo.1977), *aff'd*, 602 F.2d 926 (10th Cir.1979), *cert. denied*, 330

444 U.S. 1014 (1980).

IT IS THEREFORE ORDERED that defendant's motion to

dismiss (Dk. 18) is granted.

Dated this 6th day of June, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge